**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SHIRLANDA BROWN,

Plaintiff,

v. Case No. 8:26-cv-2038-TPB-LSG

TAMPA POLICE, et al.,

Defendants.
_________________________________/

**ORDER DISMISSING COMPLAINT**

This matter is before the Court *sua sponte* on Plaintiff's pro se complaint filed on July 16, 2026. (Doc. 1). After reviewing the complaint, court file, and the record, the Court finds as follows:

Plaintiff alleges that her constitutional rights have been violated because local law enforcement and social services agencies have failed to sufficiently investigate and prosecute persons she claims sexually abused her seven year-old niece. She also alleges generally that she has been "improperly investigated and targeted" in connection with "legal proceedings concerning child support."

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'" *Young v. Lexington Ins. Co.*, No. 18-62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *report and recommendation*

*adopted*, No. 18-62468-CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

Upon review, the Court finds that the complaint fails to comply with the Federal Rules of Civil Procedure and Local Rules of this Court. First, Rule 10(b) of the Federal Rules of Civil Procedure provides that a party's claims must be stated in separately numbered paragraphs, although earlier paragraphs may be incorporated by reference. The rule implicitly contemplates a single, sequential numbering of paragraphs. Plaintiff's complaint does not follow the requirement of separately numbered paragraphs – she does not number any of her paragraphs. In an amended complaint, each sentence of the complaint should be set out in a separately numbered paragraph to ensure that Defendants are able to appropriately respond to *each* allegation and claim.

Second, Plaintiff does not set forth any causes of action in her complaint. She must plead her complaint in separate claims for relief and include no more than one claim for relief in each count of her complaint. Above each count, in the form of a title or heading, she must name the claim for relief that the count alleges, whom that count is against, and whether the claim is based on federal or state law.

Third and perhaps most importantly, the complaint does not provide a short, plain statement of the facts that would provide adequate notice to a defendant of the claims against it. As drafted, the complaint is largely incoherent because it contains few facts and many legal conclusions. For instance, Plaintiff does not clearly explain which acts or omissions committed by Defendants constitute violations of her or her minor niece's constitutional rights.[1] The Court is unable to adjudicate this dispute as it is framed.

Because the complaint is facially insufficient and woefully inadequate, it is due to be dismissed, with leave to amend. The failure to cure the defects identified by the Court may result in the dismissal of this case with prejudice. And the failure to file an amended complaint as directed will result in this Order becoming a final judgment.

**Plaintiff is advised that even *pro se* plaintiffs must conform with procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. Litigation - particularly in federal court - is difficult, and Plaintiff should consider hiring an attorney. If she is unable to afford counsel, she should consider the resources available to *pro se* litigants, including the Legal Information Program operated by the Tampa Bay Chapter of the Federal Bar Association, and**

---

[1] The Court notes that it is not clear from the face of the complaint whether Plaintiff is bringing claims on her own behalf or on behalf of her minor niece. Generally speaking, Plaintiff may only bring claims on her own behalf and lacks standing to assert a third party's claims. *See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982) (explaining the elements of standing).

**the Middle District of Florida's guide to assist *pro se* litigants proceeding in federal court, which is located on the Court's website.**

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**, with leave to amend.
2. Plaintiff is directed to file an amended complaint to cure the defects identified in this Order on or before August 5, 2026. The failure to file an amended complaint as directed will result in this Order becoming a final judgment.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 22nd day of July, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE