**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SHIRLANDRA BROWN,

Plaintiff,

v. Case No. 8:26-cv-2038-TPB-LSG

TAMPA POLICE, et al.,

Defendants.
_________________________________/

**ORDER DISMISSING SECOND AMENDED COMPLAINT**

This matter is before the Court *sua sponte* on Plaintiff's second amended complaint, filed *pro se* on August 6, 2026. (Doc. 8). After reviewing the second amended complaint, court file, and the record, the Court finds as follows:

**Background**[1]

This case arises from Plaintiff Shirlandra Brown's concerns about the safety of her minor niece, and her dissatisfaction with the response of state and local officials to those concerns and to incidents Plaintiff later reported involving herself. According to the second amended complaint, Plaintiff's minor niece made allegations of abuse that were investigated by the Florida Department of Children and Families but ultimately classified as unfounded. Plaintiff alleges that the child later made additional statements implicating her father, but those allegations were likewise classified as

[1] The Court accepts as true the facts alleged in Plaintiffs' second amended complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

unfounded. Separately, beginning in December 2024, Plaintiff began experiencing what she believed to be recurring incidents of harassment and stalking. She reported those incidents to the Tampa Police Department and provided photographs, videos, and other evidence, but police ultimately closed the investigation without further action. Plaintiff alleges that her concerns about her niece and the incidents she experienced caused significant emotional distress, and she now brings claims under 42 U.S.C. § 1983 against the officials involved in the respective investigations.

Plaintiff filed suit on July 16, 2026. Her initial complaint, among other deficiencies, asserted no causes of action and violated Federal Rules of Civil Procedure 8 and 10(b) and the Local Rules of this Court. On July 22, 2026, the Court *sua sponte* dismissed Plaintiff's initial complaint with leave to amend.

On August 5, 2026, Plaintiff filed an amended complaint. On August 6, 2026, Plaintiff filed a second amended complaint asserting the following claims for relief: violation of the Fourteenth Amendment against Defendant Dominque Freeman (Count I); violation of the Fourteenth Amendment against Corporal E. Rieger (Count II); violation of the Fourteenth Amendment against Defendant Alex Gady (Count III); violation of the Fourteenth Amendment against Defendant B. Dorvilus (Count IV): violation of the Fourteenth Amendment against Defendant Ferreras (Count V).

## <u>Legal Standard</u>

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements

of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When considering the sufficiency of a complaint, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## Analysis

Although Plaintiff proceeds *pro se* and her pleadings are therefore liberally construed, she must nevertheless comply with the Federal Rules of Civil Procedure and allege facts sufficient to state a plausible claim for relief.

Plaintiff brings this action under § 1983 based on events involving both Plaintiff and her minor niece. As to Defendant Dominique Freeman, Plaintiff alleges that Freeman, a child protective investigator, investigated allegations that Plaintiff's minor niece had been abused, classified those allegations as unfounded, and failed to take protective action that Plaintiff believes was warranted. Plaintiff expressly alleges that Freeman's conduct "deprived the minor child of rights secured by the Constitution and the laws of the United States." But Plaintiff may not assert a § 1983 claim based on the violation of another person's constitutional rights. *See Cowart v. City of Ocala, Fla.*, 478 F. Supp. 774, 780 n. 11 (M.D. Fla. 1979) ("Of course, plaintiffs lack standing to assert the rights or legal interests of third persons who are not parties to this suit."); *see also Witchard v. Keith*, No. 6:10-cv-474-Orl-31GJK, 2011 WL 250560, at *5 (M.D. Fla. 2011) ("Plaintiff lacks standing to assert an alleged violation of his wife's constitutional rights since a 'civil rights action under … § 1983 … must be based upon the violation of [a] plaintiff's personal rights, and not the rights of someone else."). Moreover, as a non-attorney proceeding *pro se*, Plaintiff may not represent her minor niece in this action. Count I therefore fails to state a claim that Plaintiff may pursue.

The second amended complaint also purports to assert Fourteenth Amendment claims against Corporal E. Rieger, Detective Alex Gady, Officer B. Dorvilus, and Officer A. Ferreras. But even construing the factual allegations liberally, Plaintiff has not sufficiently alleged any constitutional violations. To state a claim for deprivation of rights under the Fourteenth Amendment, Plaintiff must plausibly allege that (1) each Defendant deprived her of a right secured by the Fourteenth

Amendment, and (2) that the deprivation of that right happened under color of state law. *See Arrington v. Cobb Cnty.*, 139 F. 3d 865, 872 (11th Cir. 1998).

As to Rieger, the allegations concern an investigation into alleged abuse of Plaintiff's niece and again do not identify the violation of any constitutional right belonging to Plaintiff. As to Gady, Dorvilus, and Ferreras, Plaintiff alleges that she reported incidents of harassment and stalking, that Dorvilus and Ferreras prepared a police report, that Gady subsequently met with Plaintiff and reviewed the evidence she presented, and that the investigation was ultimately closed without further action. But the Constitution does not generally impose an affirmative obligation on law enforcement to investigate alleged criminal conduct or protect an individual from private actors. *See DeShaney v. Winnebago County Department of Social Servs.*, 489 U.S. 189, 195-97 (1989) (explaining that the due process clause does not impose an affirmative obligation on the state to protect individuals against private violence); *see also Wright v. City of Ozark*, 715 F.2d 1513, 1516 (11th Cir. 1983) (explaining that the state's failure to investigate an incident, without more, "does not violate the due process clause of the Fourteenth Amendment or, we suppose, any other provision of the Constitution"). Plaintiff therefore fails to allege the deprivation of a federal right necessary to state a claim under § 1983.

Plaintiff was previously afforded an opportunity to amend her complaint. *See Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."). Her second amended complaint still fails to state a claim upon which

relief may be granted. The Court therefore declines to afford Plaintiff another opportunity to amend.

At the end of the day, Plaintiff is attempting to bring a claim against state law enforcement officers for their failure to investigate and prosecute incidents *she* believes should have been investigated and prosecuted. Our American system of criminal justice gives law enforcement the discretion to investigate and prosecute the matters *they* believe merit investigation and prosecution. If a citizen disagrees with that exercise of discretion to not investigate and prosecute a matter, a court generally cannot force law enforcement to do so. Under well-established law, the state's failure to investigate an incident, without more, does not violate the due process clause of the Fourteenth Amendment or any other provision of the Constitution. *Wright*, 715 F.2d at 1516.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The second amended complaint (Doc. 8) is **DISMISSED WITH PREJUDICE,** without leave to amend.
2. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 7th day of August, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE